# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID CUNNINGHAM, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) COMMUNITY LOAN SERVICING, LLC, ) ) ) Defendant. ) | Case No. 22-cv-6422 <br><br> DEMAND FOR JURY TRIAL |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Community Loan Servicing, LLC ("Community"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action from the Circuit Court of Cook County, Illinois, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division.

Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served upon Community in the Circuit Court case are attached as Exhibit A to this Notice. Community will file a copy of this Notice with the Circuit Court.

The grounds for removal are as follows:

### BACKGROUND

1. In August 2022, Community began informing customers regarding a data security incident wherein their personally identifiable information ("PII") may have been subject to unauthorized access (the "Incident").

2. On October 31, 2022, David Cunningham ("Plaintiff"), on his own behalf and on behalf of other customers, filed a putative class action complaint against Community in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, styled *Cunningham v.*

*Community Loan Servicing, LLC*, Case No. 2022CH 10710, alleging claims for violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, negligence, and invasion of privacy. (Ex. A, Compl. ¶¶ 65-84.)

3. Plaintiff alleges he was affected by the Incident and seeks certification of a Nationwide Class and an Illinois Sub-Class of consumers. (*Id.*, ¶ 55.) Plaintiff seeks relief including damages, injunctive relief, attorneys' fees, costs, and "further relief as [the] Court deems just and proper." (*Id.*, Prayer for Relief.)

**I.  Removal is timely.**

4. Plaintiff filed this lawsuit on October 31, 2022 and served Community on November 7, 2022. Community timely removed this action within thirty (30) days of the receipt of the Complaint. 28 U.S.C. § 1446(b).

5. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

**II.  This Court has original jurisdiction under 28 U.S.C. § 1332(a).**

6. This Court has original jurisdiction under the Class Action Fairness Act ("CAFA") because this case: (i) involves a minimal diversity of citizenship among the parties; (ii) is a putative class action with over 100 proposed plaintiff class members; and (iii) the aggregate amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d).

**A.  Minimal diversity of citizenship exists.**

7. Federal courts may exercise jurisdiction over a class action if any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332 (d)(2)(A).

8. Plaintiff is a resident of Illinois. (Ex. A, Compl. ¶ 9.) Plaintiff purports to represent a nationwide class of "[a]ll individuals whose PII was exposed while in the possession of

Community, or any of its subsidiaries and/or agents, during the Data Breach." (*Id.*, ¶ 55.) Thus, members of the class are located in all fifty states.

9. Community is a limited liability company organized under the laws of Delaware with its principal place of business in Coral Gables, Florida. (*Id.*, ¶ 15.) Community's sole member is Bayview Asset Management, LLC, a Delaware LLC, whose principal place of business is Coral Gables, Florida. Thus, Community is a citizen of Delaware and Florida, and Plaintiff is a citizen of Illinois.

10. Because Community and at least one member of the putative class are citizens of different states, CAFA's minimal diversity requirement is met in this case. *See* 28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant"); *Dancel v. Groupon, Inc.*, No. 18 C 2027, 2018 WL 11141880, at *1 n.2 (N.D. Ill. Dec. 4, 2018) ("Minimal diversity exists when any member of the plaintiff class is a citizen of a state different from any defendant.").

**B. Plaintiff alleges a putative class with over 100 proposed members.**

11. Plaintiff filed this case as a class action under 735 ILCS 5/2-801, a rule substantially similar to Federal Rule of Civil Procedure 23 that authorizes actions to be brought by one or more representative persons. Plaintiff purports to represent all persons in the United States who were affected by the Incident and further alleges that the number of persons affected numbers in the millions. Ex. A, Compl. ¶ 24 ("millions of consumers have had their personal data breached due to Defendant's actions and inactions"). Moreover, the Incident involves a computer system used by several related companies and millions of additional customers received a notice similar to the one received by Plaintiff. These related entities and Community are defendants in a consolidated class action currently pending in the U.S. District Court for the Southern District of Florida: *In re*

*Lakeview Loan Servicing Data Breach Litig.*, Case No. 1:22-cv-20955-DPG (S.D. Fla.). Thus, the 100-person requirement in CAFA is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. The CAFA amount in controversy is satisfied.

12. The final requirement for CAFA jurisdiction—that the amount in controversy exceed $5 million—is also met in this case. *See* 28 U.S.C. § 1332(d)(2).

13. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (quoting S. REP. NO. 109-14, at 43 (2005)) ("CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'"). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89; *see also* 28 U.S.C. § 1446(c)(2)(B).

14. Courts may consider the combined total amount of alleged actual damages and punitive damages. *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."). The amount in controversy also includes reasonable attorney's fees, if mandated or allowed by statute or contract. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees."). Finally, the costs of complying with an injunction may establish the amount in controversy. *Dart v. Craigslist, Inc.*, 665 F. Supp. 2d 961, 964 (N.D. Ill. 2009) (quoting *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 609 (7th Cir. 1997) ("Looked at from the defendants' standpoint, the minimum amount in controversy would be present if the injunction

sought by the plaintiffs would require some alteration in the defendant's method of doing business and that would cost the defendant at least the statutory minimum amount.")); *see also Ottawa Twp. Bd. of Trustees v. New Par*, No. 3:17-CV-228, 2017 WL 4512475, at *1 (N.D. Ohio Oct. 10, 2017); *accord Stapleton v. Skyline Terrace Apartments*, No. 5:17-CV-02207, 2018 WL 1315151, at *2 (N.D. Ohio Mar. 14, 2018) (citing *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 560 (6th Cir. 2010)).

15. Here, Plaintiff alleges that "millions of consumers had their personal data breached due to Defendant's actions and inactions[.]" (Ex. A, Compl. ¶ 24.) Plaintiff seeks relief including damages, injunctive relief, attorneys' fees, costs, and "further relief as [the] Court deems just and proper." (*Id.*, Prayer for Relief.) The injunctive relief sought by Plaintiff includes: "(i) adequate credit monitoring, (ii) adequate identity theft insurance, (iii) instituting security protocols in compliance with the appropriate standards and (iv) requiring Defendant to submit to periodic compliance audits by a third party regarding the security of personal identifying information in its possession, custody and control." (*Id.*) Providing such relief to millions of putative class members would easily exceed $5 million. For example, the lowest subscription offered by LifeLock is $7.50/month. *See* https://www.lifelock.com/#planschart (last accessed Nov. 15, 2022). Thus, just one element of the injunctive relief sought would well exceed $5 million.

16. Thus, the amount in controversy element is satisfied in this case for purposes of CAFA jurisdiction, and solely for that purpose.[1]

---

[1] In filing this Notice, Community does not concede liability on any of the claims asserted in Plaintiff's Complaint or that they are entitled to recover any damages.

### III. Reservation of rights and denial of liability.

17. Nothing in this Notice is intended or should be construed as an express or implied admission by Community of any fact alleged by Plaintiff, of the validity or merit of any of Plaintiff's claims and allegations, or as a limitation of any of Community's rights, claims, remedies, and defenses in connection with this action.

WHEREFORE, Community removes the above-captioned action now pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois.

Dated: November 16, 2022

Respectfully submitted,

*/s/ Maria A. Boelen*
Maria A. Boelen
Baker & Hostetler LLP
One North Wacker Drive
Suite 4500
Chicago, IL 60606
mboelen@bakerlaw.com
Ph: 312.416.6200
Fax: 312.416.6200

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I, Maria Boelen, certify that on the 16th day of November 2022, the foregoing *Notice of Removal*, was served via email on the following:

>Bryan Paul Thompson
>Robert W. Harrer
>CHICAGO CONSUMER LAW CENTER, P.C.
>33 N. Dearborn St., Suite 400
>Chicago, Illinois 60602
>Tel. 312-858-3239
>Fax 312-610-5646
>bryan.thompson@ccic-law.com
>rob.harrer@ccic-law.com

>*/s/ Maria A. Boelen*
>Maria A. Boelen